Argued July 13, affirmed September 12, petition for rehearing
denied October 3, 1978

WARREN L. BOSTICK FAMILY TRUST et al,
*Respondents,*

*v.*

MAGLIOCCO et al, *Appellants.*

(No. 75-22-E, SC 25452)

583 P2d 1132

Sidney Ainsworth, Ashland, argued the cause for
appellants. With him on the brief were Jack Davis,
and Davis, Ainsworth & Pinnock, Ashland.

George Proctor, of Proctor & Puckett, Klamath
Falls, argued the cause and filed a brief for respond-
ents.

Before Holman, Presiding Judge, and Howell, Bryson, and Lent, Justices.

HOWELL, J.

## HOWELL, J.

This is a suit to foreclose a real property mortgage executed by defendant Magliocco in favor of plaintiffs.[1] The mortgage was given to secure payment of a promissory note in the amount of $144,845.43. The defendant filed an answer alleging that the property was purchased as a result of fraudulent misrepresentation and requested an abatement of the purchase price and recoupment in the amount of $190,000. The trial court entered a decree foreclosing the mortgage and awarded plaintiffs a judgment for $118,607.

In 1970, as part of an exchange of properties between plaintiffs and defendant, the plaintiffs sold to defendant the Shasta View Apartments in Klamath Falls for the sum of $790,000. The apartments, which were constructed during the war years for military housing, had been owned by plaintiffs for approximately 15 years. Plaintiffs knew defendant desired to renovate the apartments, increase the rent, and hopefully sell the apartments for a substantial profit. Plaintiffs advised defendant there were no building code violations. After defendant purchased the property and attempted to renovate the buildings, he discovered that they did not conform to building code standards in various particulars. The wiring was inadequate, the floors were weak, the floor joists were overspanned, and some of the plumbing was made of wood.

Our conclusion from the record is that the condition of the property was misrepresented.

■ In a suit to foreclose a purchase money mortgage, where the purchase was induced by false representations by the mortgagee, the defendant may set up the damages by way of recoupment and secure an abatement of the amount due under the mortgage, but he cannot exceed the amount due. The damages are the

---

[1] The other defendants have an interest in the property and would be adversely affected by a decree of foreclosure. References to the defendant shall be to the defendant Magliocco.

difference between the purchase price and the value of the property at the time of the sale. *Housley et ux v. Linnton Plywood Ass'n.,* 210 Or 520, 311 P2d 432 (1957).

The trial court allowed defendant a recoupment of $26,237.50 for architect and engineer fees spent in attempting to renovate the apartments, but did not allow any further damages.

■ The sole issue on appeal is whether defendant was entitled to a recoupment for damages representing the difference between $790,000, the purchase price of the apartments, and their actual value at the time of the purchase in September, 1970. The defendant is not entitled to such damages because of a failure of proof.

The defendant's appraiser used a market data approach to determine the value of the land and an income approach to determine the value of the apartments. Using both, he found a total value of $600,000 as of October, 1973, three years after the sale to defendant. He testified that he believed the value would have been $500,000 as of September, 1970. However, he candidly admitted that he was not furnished with the rental income for 1970 and therefore did not know the amount. Without the rental income, obviously the appraiser could only speculate in his use of the income approach.[2]

The decree of the trial court is affirmed.

---

[2]Moreover, the record is not clear as to whether two California properties that were included with the Oregon property in the exchange between plaintiffs and defendants have a bearing on defendant's damages. On oral argument, it was conceded that the details of the Oregon and California exchanges could not be determined from the present record.